

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 26, 2024**

**United States Bankruptcy Judge**

_____

BTXN 182 (rev. 04/06)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

In Re: §
KaRhonda Jewell Bray § Case No.: 24–40606–mxm13
  § Chapter No.: 13
Debtor(s) §

**ORDER DISMISSING CASE FOR FAILURE TO OBTAIN CREDIT COUNSELING DURING THE 180–DAY PERIOD PRECEDING THE DATE OF FILING OF THE PETITION**

The Court, after review of the docket and related pleadings filed in the above entitled and numbered case, finds that the petition was filed on 2/22/2024. The Court further finds that a certificate was filed on 2/23/2024, indicating that the debtor(s) obtained credit counseling on 2/23/2024.

Pursuant to 11 U.S.C. §109(h)(1), an individual may not be a debtor under this title unless they have received credit counseling from an approved credit counseling service "during the 180–day period preceding the date of filing of the petition".

☑ The Court finds that the debtor(s)' credit counseling took place after the filing of the petition and there has been no satisfactory certificate or explanation as required pursuant to 11 U.S.C. §109(h)(2), (3) or (4); therefore, it is

☐ The Court finds that the debtor(s)' credit counseling took place more than 180 days prior to the filing of the petition. As required pursuant to 11 U.S.C. §109(h)(1), credit counseling must take place during the 180–day period preceding the date of filing of the petition; therefore it is

ORDERED that the above entitled and number case be and is hereby dismissed.

The above styled and numbered case will be closed 21 days after the entry of this order provided that it is a single debtor case or a joint debtor case and both debtors are dismissed.

# # # End of Order # # #